UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REAL ESTATE EDGE, LLC<br>Plaintiff | § § § § § § § § § § | Civil Action No.<br><br>1:17-cv-01093 |
| v. | | |
| RODNEY CAMPBELL<br>Defendant | | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Real Estate Edge, LLC, Plaintiff, and files this, its Original Complaint complaining of Rodney Campbell, Defendant, and for cause of action would show the court as follows:

### I.    INTRODUCTION

1.  This is an action for injunctive relief, damages and other appropriate relief to stop Defendant from cybersquatting and infringing Plaintiff's trademarks by registering Internet domain names that are identical or confusingly similar to Plaintiff's trademarks and by using those domain names in bad faith to profit from Plaintiff's trademarks. Defendant through its use of the internet domain name "**greateraustinrealty.com**" has acted as a cybersquatter by intending to profit from the goodwill associated with the mark and unfairly competed with Plaintiff. Such overt violations constitute Cybersquatting pursuant to 15 U.S.C. § 1125(d) and will continue unless enjoined by the Court. Plaintiff also seeks to prosecute its claims for False Designation of Origin under 15 U.S.C. § 1125(a) and Trademark Infringement under 15 U.S.C. § 1114 and seeks appropriate relief thereto.

1

## II.     PARTIES

2.    Plaintiff is a Limited Liability Company organized under the laws of the State of Texas with its principal place of business in Austin, Texas. Its physical address is located at 1216 Woodhollow Cove, Cedar Park, TX 78613-4527. The sole member of Real Estate Edge, LLC, is Clifford P. Nowell.

3.    Defendant is an individual and Texas resident with the listed address of 6431 Old Harbor Lane, Austin, Texas 78739.

## III.     JURISDICTION AND VENUE

4.    This court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the Lanham Act.

5.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim and the harm to Plaintiff occurred in this district by reason of Defendant's conduct as alleged below.

## IV.     STATEMENT OF FACTS

6.    Plaintiff provides real estate brokerage services which include the following: assessment and management of real estate, evaluation of real property, financial investment in the field of real estate, land acquisition, real estate brokerage, leasing of real estate, operating marketplaces for sellers of goods and/or services, real estate agencies, real estate consultation, real estate management, real estate valuation services, and arrangement for co-ownership of real estate.

7. Plaintiff is the owner of the registered trademark, Greater Austin Realty, which is identified by the United States Patent Trademark Office as Reg. No. 3,278,561 (the "Registered Trademark"). A true and correct copy of the Registered Trademark is attached hereto as Exhibit A and incorporated herein by this reference.

8. The Registered Trademark was filed on October 10, 2006, registered on August 14, 2007, and the Declaration of Incontestability of Mark under Section 15 duly recognized by the United States Patent Trademark Office.

9. The Registered Trademark is inherently distinctive to both the public and trade and in connection with licensed products and services.

10. As a result of the widespread use and display the Registered Trademark, both the public and trade use the Registered Trademark to identify and refer to Plaintiff's services.

11. As a result of the widespread use and display of Plaintiff's Registered Trademark, it has built up secondary meaning and extensive goodwill.

12. Defendant has operated a commerce related domain www.greateraustinrealty.com on the World Wide Web (the "Infringing Domain Name"). A printout from the WHOIS database evidences that Rodney Campbell is the registrant of the registration of the Infringing Domain Name. A true and correct copy of the WHOIS printout is attached hereto as Exhibit B and incorporated herein by this reference.

13. Defendant has used the Infringing Domain Name in conjunction with its commerce-related website.

14. Defendant's unlawful acts are intended to and are likely to erode the distinctiveness of Plaintiff's Registered Trademark.

15. Defendant's unlawful acts have caused, and will continue to cause irreparable harm to Plaintiff and the Registered Trademark, and to the business and substantial goodwill represented thereby, and said acts damage will continue unless restrained by this Court.

16. Plaintiff has not adequate remedy at law.

### V. CYBERSQUATTING UNDER THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. 1125(d)

17. Plaintiff realleges and incorporates the allegations of paragraphs 1 through 16, as though fully set forth.

18. Plaintiff's Registered Trademark is distinctive and was distinctive before Defendant registered the Infringing Domain Name.

19. The Infringing Domain Name is identical to Plaintiff's Registered Trademark.

20. Defendant registered and used the Infringing Domain Name to divert customers from Plaintiff's web sites accessible under the Infringing Domain Name for Defendant's commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the website.

21. Defendant's registration and use of the Infringing Domain Name is intended primarily to capitalize on the good will associated with Plaintiff's Registered Trademark.

22. Defendant registered, trafficked in or used the Infringing Domain Name with a bad faith intent to profit from Plaintiff's mark and its associated good will.

23. Defendant's diversion of traffic from Plaintiff's website has harmed and continues to harm Plaintiff's ability to generate business and keep customers.

24. Defendant's registration and use of the Infringing Domain Name causes Plaintiff's customers and potential customers to believe that Plaintiff's website is no longer available or that Plaintiff is not engaged in rendering broker services.

25. Defendant's registration and use of the Infringing Domain Name has caused and will continue to cause damage to Plaintiff, in an amount to be proven at trial, and is causing irreparable harm to Plaintiff, for which there is no adequate remedy at law.

## VI. FALSE DESIGNATION OF ORIGIN (15 U.S.C. 1125(a)

26. Plaintiff repeats each and every allegation in paragraphs 1 through 25, as though fully set forth.

27. Defendant's use in commerce of Plaintiff's Registered Trademark is likely to cause confusion, or to cause mistake, or to deceive the relevant public into believing that the Infringing Domain Name and the websites and advertisements displayed at the Infringing Domain Names are authorized, sponsored or approved by Plaintiff.

## VII. FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. 1114)

28. Plaintiff repeats each and every allegation in paragraphs 1 through 27, as though fully set forth.

29. Plaintiff's Registered Trademark is a distinctive and arbitrary mark that is associated with Plaintiff and exclusively identifies Plaintiff's services to consumers.

30. Defendant has used and continues to use Plaintiff's Registered Trademark in connection with goods or services in commerce, in a manner likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of such goods or services. Defendant's actions constitute trademark infringement under 15 U.S.C. Section 1114.

31. Defendant's use of Plaintiff's Registered Trademark is likely to cause initial interest confusion among users and potential users of Plaintiff's services.

32. Defendant's intentional and willful infringement of Plaintiff's mark has caused, and will likely continue to cause damage to Plaintiff in an amount to be proven at trial, and is causing irreparable harm for which there is no adequate remedy at law.

## PRAYER

**WHEREFORE, PLAINTIFF** prays that the Court issue an Order:

A. Granting a preliminary and permanent injunction restraining Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with Defendant, from using, on or in connection with any product or services, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or services, or using for any commercial purpose whatsoever: (1) the designation of the Registered Trademark or similar terms; (2) the internet domain name greateraustinrealty.com, (3) any other designation that is likely to cause dilution of the distinctiveness of the Plaintiff's Registered Trademark or injury to Plaintiff's business reputation; or any other name, mark, or term likely to cause mistake in the mind of the public or to deceive the public into the belief that Defendant's business and/or products and/or services are in any way associated with or related to Plaintiff or its products and/or services;

B. Ordering the Domain Name Holder to relinquish all rights in the Internet Domain www.greateraustinrealty.com, and directing GoDaddy.com, LLC or any other party in position to do so, to transfer the internet domain to Plaintiff;

C.     Directing Defendant to account to Plaintiff for any and all profits derived by them for the sale of products or services through the use of the Infringing Domain Name;

D.     That the Court enter judgment finding that Defendant's conduct has violated the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. Section 1125(d);

E.     That the Court enter judgment finding that Defendant's actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. Section 1125(a);

F.     That the Court enter judgment finding that Defendant has infringed Plaintiff's Registered Trademark in violation of 15 U.S.C. Section 1114;

G.     That the Court order Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction under 15 U.S.C. Section 1116;

H.     That the Court order Defendant to account to Plaintiff for, and disgorge to Plaintiff, all profits it has derived as a result of the unlawful facts complained above;

I.     That the Court award Plaintiff actual damages, trebled under 15 U.S.C. Section 1117 in an amount to be proved at trial or in the alternative statutory damages of $100,0000 per domain name, as elected by Plaintiff.

J.     That the Court award Plaintiff its costs in this action;

K.     That the Court find the case to be exceptional and award Plaintiff its attorneys' fees under 15 U.S.C. 1117; and

L.  That the Court grant Plaintiff all other relief to which it is entitled and such other additional relief as is just and proper.

Respectfully Submitted,

**THE MOSTER LAW FIRM, P.C.**
4920 S. Loop 289 Suite 102
Lubbock, TX 79414
Telephone: (806) 778-6486
Facsimile: (866) 302-6486

By: _/s/ Charles A. Moster_
Charles A. Moster, Esq.
Texas Bar No.: 00797782
Email: cmoster@themosterlawfirm.com